IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| TIMOTHY JAMES CHAPPELLE #2465115 | § | |
| VS. | § | CIVIL ACTION NO. 6:23cv269 |
| AUSTIN REEVE JACKSON, et al. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the Texas Department of Criminal Justice proceeding *pro se* and *in forma pauperis* (IFP), filed this lawsuit alleging various violations of his civil rights under 42 U.S.C. § 1983. The case was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case.

**I. Relevant Background and Allegations**

Plaintiff originally filed suit in May 2023 when he was an inmate of the Smith County Jail. (Dkt. #1.) The Court found that Plaintiff's original complaint was deficient in several respects and ordered him to file an amended complaint. (Dkt. #7.) The Court also ordered Plaintiff to file a properly supported application to proceed IFP. (Dkt. #4.) After some confusion about whether Plaintiff wanted to proceed with this suit (*see* Dkt. #11), he ultimately filed his amended complaint and IFP application on August 18, 2023. (Dkt. ##14, 16.) On August 22, 2023, the Court granted Plaintiff IFP status and ordered him to pay an initial partial filing fee of $53 within thirty days. (Dkt. #17.) When Plaintiff did not timely comply with that order, the undersigned recommended dismissal of this suit without prejudice on September 29, 2023. (Dkt. #20.) However, the Court

received Plaintiff's initial partial fee on November 20, 2023, and accordingly withdrew the Report recommending dismissal. (Dkt. #23.)

Upon review of Plaintiff's amended complaint, the Court found that it was as deficient as the original. Among other deficits, the Court observed that Plaintiff "continue[d] to raise claims that clearly suggest the invalidity of criminal charges that were brought against him" and that "his recent change of address to the Beto Unit of the Texas Department of Criminal Justice indicates that he has been convicted of those charges, which would impact the viability" of those claims. (Dkt. #24 at 2.) Accordingly, the Court determined that "more information from Plaintiff is required to evaluate those claims" and expressly instructed him to file a second amended complaint that included "a list of any criminal charges brought against him in connection with the arrest about which he complains and . . . the status of such charges (i.e., pending, convicted, dismissed)." (*Id.* at 2–3.) The latter requirement was underlined for emphasis. (*Id.* at 3.)

Plaintiff's second amended complaint is now before the Court for review. (Dkt. #34.) In it, he sues Smith County Judge Austin Reeve Jackson and several members of the state court staff as well as his criminal defense attorney for alleged misdeeds in the handling of his criminal prosecution. He alleges that "there was never a crime committed, so I should never have been in jail to commit escape" and demands for relief that the Court "let [him] go" and "compensate [him]" for unspecified losses. (Dkt. #34 at 4–5.)

Plaintiff failed to comply with the Court's instruction to list the criminal charges relevant to his pleading and provide their status. However, publicly available records of the 114th District Court in the matter of *State of Texas v. Timothy James Chappelle*, Case No. 114-0396-23, establish that Plaintiff was indicted on February 23, 2023, for felony escape and was convicted of that offense by a jury on August 9, 2023, and he has filed a notice of appeal. *See* Register of Actions,

available at https://judicial.smith-county.com/PublicAccess/CaseDetail.aspx?CaseID=1819821 (last visited Jan. 24, 2023).

**II. Legal Standards and Preliminary Screening**

Plaintiff is an inmate seeking redress from an officer or employee of a governmental entity and is also proceeding IFP. His pleading is thus subject to preliminary screening pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2), which require *sua sponte* dismissal of a complaint if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). The Fifth Circuit has held that a complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id*. (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)). In other words, during the initial screening under section 1915A, a court may determine that a prisoner's complaint is frivolous if it rests upon delusional scenarios or baseless facts—and dismiss the complaint. *See Henry v. Kerr County, Texas*, 2016 WL 2344231 *3 (W.D. Tex. May 2, 2016) ("A court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise rise to the level of the irrational or the wholly incredible, regardless of whether there are judicially noticeable facts available to contradict them.") (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

Moreover, a complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground*

*Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is not akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556 (emphasis supplied).

All well-pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. 2012) (unpublished) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.*

**III. Discussion and Analysis**

Aside from several other problems with Plaintiff's pleading, it is clear that his claims directly challenge the validity of his criminal conviction for escape and are, therefore, not cognizable in a Section 1983 action. In *Wilkinson v. Dotson,* 544 U.S. 74, 78–82 (2005), the Supreme Court reviewed *Heck v. Humphrey*, 512 U.S. 477 (1994), and its progeny. It explained that, under *Heck*, "a state prisoner's section 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action

4

would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 81–82. The *Dotson* Court emphasized that habeas corpus is the exclusive remedy for state prisoners who "seek to invalidate the duration of their confinement—either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Id.* at 81.

Here, Plaintiff expressly challenges the process used to convict him and seeks release from prison as well as monetary damages. Plaintiff's claims are thus barred by *Heck* as long as his conviction stands.

## IV. Conclusion

For the reasons set forth above, Plaintiff's suit is barred by *Heck* and must be dismissed without prejudice for failure to state a claim on that basis. *See Colvin v. LeBlanc*, 2 F.4th 494, 498 (5th Cir. 2021) ("We have routinely characterized a *Heck* dismissal as one for failure to state a claim[.]").

## RECOMMENDATION

Accordingly, the undersigned recommends that this action be dismissed as barred by *Heck*, and thus for failure to state a claim for which relief can be granted, pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2). This dismissal should be without prejudice to Plaintiff's ability to refile his lawsuit if and when he succeeds in overturning his criminal conviction through state remedies or federal habeas proceedings.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy

shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 24th day of January, 2024.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE